IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MARKELVIN LORENZO MCHENRY                                   PETITIONER

v.                      NO. 3:23-cv-00239-KGB-PSH

DEXTER PAYNE                                                 RESPONDENT

ORDER

In September of 2021, petitioner Markelvin Lorenzo McHenry ("McHenry") pleaded guilty to a drug offense (Count One) and two firearm offenses (Counts Two and Nine) in the United States District Court for the Eastern District of Texas. See United States v. McHenry, No. 5:21-cr-00013-RWS-CMC(2). In February of 2022, he was sentenced to a total term of 165 months imprisonment, the total term consisting of "[forty-five] months on each of Counts [One] and [Nine], to be served concurrently, and 120 months on Count [Two], to be served consecutively to Counts [One] and [Nine]." See Docket Entry 23, Exhibit A at 14. The total term of 165 months imprisonment was ordered to run consecutively to any future imprisonment imposed in Miller County Circuit Court cases 46CR-17-62 and 46CR-18-629.

In August of 2022, McHenry pleaded guilty in Miller County Circuit Court cases 46CR-17-62 (probation violation), 46CR-18-629 (drug offenses), and 46CR-22-262 (felony failure to appear). See Docket Entry 23, Exhibit A at 1-12. He was sentenced to a total term of 276 months imprisonment, the total term consisting of the following:

In 46CR-17-62, he was sentenced to a sixty-month term of imprisonment, the term to be served "concurrent with 46CR-18-629 ... [and] his federal time and consecutive with 46CR-22-262." See Docket Entry 23, Exhibit A at 3.

In 46CR-18-629, McHenry was sentenced to a 240-month term of imprisonment, the term to be served "concurrent with 46CR17-62 ... [and his] federal time and consecutive with 46CR-22-262 ..." See Docket Entry 23, Exhibit A at 11.

In 46CR-22-262, he was sentenced to a thirty-six-month term of imprisonment, the term to be served "consecutive with 46CR-18-629 ..., 46CR-17-62 ..., and [his] federal time." See Docket Entry 23, Exhibit A at 6.[1]

---

[1] Respondent Dexter Payne represents, and the undersigned agrees, that the reference to "federal time" in the three Miller County Circuit Court sentencing orders is a reference to the 165-month sentence McHenry received in United States v. McHenry, No. 5:21-cr-00013-RWS-CMC(2).

In January of 2023, McHenry filed an administrative grievance with the Arkansas Division of Correction ("ADC") in which he challenged the computation of his state sentence. See Docket Entry 1 at CM/ECF 9. He maintained in the grievance that his prison timecard reflected a total sentence of twenty-eight years, when his total state sentence is twenty-three years, or more precisely, 276 months. ADC officials acknowledged their error and corrected his timecard.

In January of 2023, McHenry filed a second administrative grievance with the ADC. See Docket Entry 1 at CM/ECF 10. In that grievance, he maintained that the cases listed on his prison timecard were not in numerical order, "meaning the year[]s in which the cases came about." See Docket Entry 1 at CM/ECF 10. He maintained that were the cases listed in numerical order, his transfer-eligibility date would have been in February of 2024.[2] ADC officials resolved the grievance by notifying him that his timecard is computer-generated based on his sentence, and the timecard accurately reflects his 276-month state sentence.

---

[2] A prisoner's transfer eligibility date is the "earliest date he becomes eligible for transfer from the ADC to less restrictive placement or supervision by the [Arkansas Division] of Community Correction, which may include parole." See Robinson v. Kelley, No. 5:16-cv-00167-SWW-JTR, 2017 WL 3404973, 1 (E.D. Ark. July 6, 2017), report and recommendation adopted, No. 5:16-cv-00167-SWW, 2017 WL 3401274 (E.D. Ark. Aug. 8, 2017). Respondent Dexter Payne represents that McHenry's current transfer eligibility date is in December of 2031.

3

In May of 2023, McHenry filed a motion for clarification of judgment with the United States District Court for the Eastern District of Texas. See United States v. McHenry, No. 5:21-cr-00013-RWS-CMC(2), Docket Entry 126. In the motion, he asked how his federal and state sentences were to be served. The district court denied the motion in October of 2023, doing so for the following reason:

> The Defendant Markelvin McHenry has filed a motion ... asking about the computation of his federal sentence with reference to a sentence he received from the State of Arkansas. He asks for a time card explaining how his sentence is running.
>
> The Federal Bureau of Prisons, not the federal courts, is responsible for time calculations. [Citation omitted]. The federal courts have no authority to independently calculate the time that counts towards the sentence imposed other than through their role in reviewing time calculations in a habeas corpus petition under 28 U.S.C. 2241. [Citation omitted]. The Defendant must contact the Federal Bureau of Prisons Designation and Sentence Computation Center ... for information as to how his sentence is being computed. Should Defendant wish to challenge the computation of his sentence through a habeas corpus petition under 28 U.S.C. 2241, he must do so in the judicial district where he is incarcerated. [Citation omitted]. Because Defendant is currently confined in the Grimes Unit of the Arkansas Department of Correction, in Newport, Jackson County, Arkansas, any 2241 petition concerning the computation of his sentence must be filed in the Eastern District of Arkansas, Northern Division. [Citation omitted].

See United States v. McHenry, No. 5:21-cr-00013-RWS-CMC(2), Docket Entry 136.

In November of 2023, McHenry began this case by filing the petition at bar. In the petition, he challenged the computation of his federal sentence "with reference to the sentence [he] received from the State of Arkansas." See Docket Entry 1 at CM/ECF 6. He alleged that his prison timecard is not accurate because it is inconsistent with the sentencing orders entered by the Miller County Circuit Court in 46CR-17-62, 46CR-18-629, and 46CR-22-262. He asked that the State of Arkansas ("State") be compelled to "honor the sentencing order[s] with reference to [the] computation of [his] federal sentence and sentence [he] received from the State of Arkansas." See Docket Entry 1 at CM/ECF 7.

Respondent Dexter Payne ("Payne") filed a response to the petition and asked that the petition be dismissed. It was Payne's assertion that McHenry's claim is not cognizable in federal habeas corpus because the claim "relies solely on state law," and there is no federal constitutional liberty interest in having state officials follow state law. See Docket Entry 23 at CM/ECF 4.

Before giving serious consideration to Payne's assertion, the Court gave McHenry an opportunity to file a reply. McHenry was given up to, and including, June 6, 2025, to do so. June 6, 2025, has now come and gone, and he has filed nothing in reply.

The Court began reviewing the record and was struck by two things. First, Payne may well be correct that McHenry's claim is not cognizable in federal habeas corpus, but Payne has offered scant legal authority to support his position.[3] Second, the Court was struck by Payne's observation that there is an apparent "discrepancy between McHenry's federal plea and sentence and his state pleas and sentences." See Docket Entry 23 at CM/ECF 2, n.2.[4] Given Payne's failure to support his position, it is not impossible that the apparent discrepancy between McHenry's federal and state sentences might be of some relevance. It is because of these concerns that the Court raises a question not addressed by Payne: exhaustion.

---

[3] Payne simply cites 28 U.S.C. 2254(a) for the general proposition that habeas relief is available only on the ground that a state prisoner is in custody in violation of the Constitution, laws, or treaties of the United States, and Phillips v. Norris, 320 F.3d 844 (8th Cir. 2003), for the general proposition that there is no federal constitutional liberty interest in having state officials follow state law.

[4] Specifically, Payne notes the following:

> ... Unlike his state sentencing orders, McHenry's federal judgment provides that his federal sentence "shall run **consecutively** to the defendant's imprisonment in any future sentence imposed in Docket Numbers 46CR-18-629 and 46CR-2017-62 [in] Miller County Circuit Court, Arkansas." ...
>
> The discrepancy makes a significant difference in the total amount of time McHenry serves: 405 months under ... McHenry's federal plea and judgment versus 276 months under his state sentencing orders. That discrepancy, however, is not relevant to the state-law based claim McHenry raises here.

See Docket Entry 23 at CM/ECF 2, n.2 (emphasis in original).

6

The exhaustion of state remedies is an express requirement of federal habeas corpus relief under 28 U.S.C. 2254(b). See <u>Davis v. Campbell</u>, 608 F.2d 317 (8th Cir. 1979). Although Payne has not raised the exhaustion question, the Court can, and does, raise it <u>sua sponte</u>. See <u>McCartney v. Vitek</u>, 902 F.2d 616 (8th Cir. 1979) (failure to exhaust can be raised <u>sua sponte</u>). The parameters of the requirement are as follows:

> <u>Before</u> a state prisoner can seek federal habeas relief, he ordinarily must "exhaust the remedies available in the courts of the State." 28 U.S.C. 2254(b)(1)(A), thereby affording those courts "the first opportunity to review [a federal constitutional] claim and provide any necessary relief" for alleged violations of a prisoner's federal constitutional rights. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 844-45 (1999). State remedies are not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. 2254(c). State prisoners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan</u>, 526 U.S. at 845. …

See <u>May v. Musselwhite</u>, No. 4:22-cv-00653-JM-JTK, 2022 WL 3369192, 2 (E.D. Ark. July 26, 2022), report and recommendation adopted, No. 4:22-cv-00653-JM, 2022 WL 3353414 (E.D. Ark. Aug. 11, 2022) (emphasis in original). There are, though, exceptions to the statutory requirement. For instance, the requirement may be excused if exhaustion would be futile. See <u>Lueth v. Beach</u>, 498 F.3d 795 (8th Cir. 2007).

The State has remedies whereby a prisoner can challenge the computation of his sentence. See Engram v. Norris, No. 5:07-cv-00187-SWW, 2009 WL 2151758 (E.D. Ark. July 17, 2009). The remedies include the filing of a petition for declaratory judgment and petition for writ of mandamus in state court. "Arkansas prisoners have utilized these statutes to seek judicial review of the ADC's alleged miscalculation of a sentence, projected release date, or parole eligibility date." See Id., 2009 WL 2151758, 3 (citing Kelley v. Washington, 311 Ark. 73, 843 S.W.2d 797 (1992)). There is nothing to suggest that McHenry has used these remedies.

The Court would like to hear from McHenry on the exhaustion question. Specifically, the Court would like to know why this case should not be dismissed without prejudice because of his failure to exhaust his state remedies, particularly since the computation of his state sentence is a matter of utmost importance to the State. McHenry is therefore given up to, and including, August 8, 2025, to file a short brief addressing the following question: why this case should not be dismissed without prejudice because of his failure to exhaust his state remedies as to the claim at bar. If a reply from Payne is necessary, the Court will order one.[5]

---

[5] The Court takes no position on whether McHenry exhausted his administrative remedies. His brief is to be limited to whether he exhausted his state judicial remedies.

8

IT IS SO ORDERED this 7th day of July, 2025.

_____
UNITED STATES MAGISTRATE JUDGE